### YUEHUA LIN, Petitioner,

v.

### BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.

#### No. 08–1297–ag.

United States Court of Appeals, Second Circuit.

Oct. 16, 2008.

---

John Chang, New York, N.Y., for Petitioner.

Gregory G. Katsas, Asst. Atty. General; Stephen J. Flynn, Senior Litigation Counsel; Julie M. Iversen, Atty, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Yuehua Lin, a native and citizen of the People's Republic of China, seeks review of a March 10, 2008 order of the BIA, affirming the June 26, 2006 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuehua Lin,* No. A98 595 367 (B.I.A. Mar. 10, 2008), *aff'g* No. A98 595 367 (Immig. Ct. N.Y. City June 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin,* 534 F.3d at 167. Particular deference is given to the trier of fact's assessment of demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

■ Here, we find that substantial evidence supports the agency's adverse credibility determination. The IJ properly relied on omissions and discrepancies found in the record. For example, Lin omitted from her asylum application her purported detention for refusing to vote for a particular candidate in a village election. Moreover, at her merits hearing, Lin first testified that she had never been detained or harmed in China, but later changed her testimony claiming that she had been detained for one week and slapped while in detention. Although Lin offered explanations for her omission and inconsistent testimony, no reasonable fact-finder would have been compelled to accept them. *See Majidi,* 430 F.3d at 81. Additionally, because the IJ was in the best position to discern the impression conveyed by Lin, we will afford the IJ's demeanor finding particular deference. *See id.* at 81 n. 1. Accordingly, the agency properly denied Lin's application for asylum and withholding of removal to the extent those claims were based on her purported detention. *See* 8 C.F.R. §§ 208.13(b), 208.16(b)(1).

■ We further find that the agency reasonably denied Lin's application for asylum and withholding of removal based on her mother's forced sterilization and on Lin's fear of persecution under the family planning policy. Indeed, the agency reasonably concluded that Lin was not eligible for relief based on the forced sterilization of her mother. *See Tao Jiang v. Gonzales,* 500 F.3d 137, 140–41 (2d Cir.2007) (citing *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308–09 (2d Cir. 2007)); *see also Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005). Moreover, in light of the fact that Lin has no children, the agency properly found that her fear of persecution on account of the family planning policy was speculative. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005).

As Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim based on the family planning policy, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Additionally, contrary to Lin's argument, the agency reasonably found that punishment by the Chinese government for illegal departure does not constitute persecution in the absence of evidence that authorities are motivated by anything other than law enforcement. *See Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983); *see also Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992) (recognizing that "punishment for violation of a generally applicable criminal law is not persecution").

■ As to Lin's claim for relief under CAT, we have held that an applicant cannot demonstrate that she is more likely than not to be tortured "based solely on the fact that she is part of the large class of persons who have left China illegally"

and on generalized evidence indicating that torture occurs in Chinese prisons. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007). As Lin provided no basis for the IJ to conclude that she, or someone in her "particular alleged circumstances," faces a risk of torture, substantial evidence supports the agency's denial of Lin's application for CAT relief. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).